UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| GARY ANDERSON,<br><br>       Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>       Respondent.<br>_____/ | NO. CIV. 2:09-2519 WBS JFM<br>(Court of Appeals No. 08-73946)<br><br><u>ORDER RE: EX PARTE REQUEST TO</u><br><u>HOLD PROCEEDINGS IN ABEYANCE</u> |

----oo0oo----

        This matter is before the court pursuant to a transfer order of the Court of Appeals for the Ninth Circuit on May 22, 2009, ordering the court to hold a hearing on petitioner Gary Anderson's argument that he is a citizen of the United States pursuant to 8 U.S.C. § 1252(b)(5). Petitioner now requests the court to hold this matter in abeyance pending the Supreme Court's opinion in <u>United States v. Flores-Villar</u>, 563 F.3d 990 (9th Cir.

1

2008), cert. granted, --- S. Ct. ----, 2010 WL 1005955 (Mar. 22, 2010).

In Flores-Villar, the Ninth Circuit upheld the constitutionality of 8 U.S.C. § 1401(g), which states that a child born outside of the United States to a non-citizen mother can receive United States citizenship based on the father's citizenship if the father has maintained a continuous physical presence within the United States for five years prior to the child's birth after the father's fourteenth birthday. See 8 U.S.C. § 1401(g); Flores-Villar, 536 F.3d at 997. The plaintiff in Flores-Villar challenged the five-year physical presence requirement on the basis of age and sex discrimination in violation of the Fourteenth Amendment, arguing that the one year physical presence requirement that applies to citizen mothers who have children with non-citizens outside of the United States should also apply to citizen fathers. Id. The Supreme Court granted a writ of certiorari to review the Ninth Circuit's decision to uphold the constitutionality of § 1401(g) on March 22, 2010.

The issues before the Supreme Court in Flores-Villar are not identical to or necessary for the resolution of this case. Unlike the father in Flores-Villar, Ted Anderson is not petitioner's biological father. Ted Anderson also did not adopt petitioner at the time of his birth and was not married to petitioner's mother at the time of adoption. Instead, petitioner argues that he acquired citizenship when Ted Anderson adopted him and that Ted Anderson should be treated as if he were petitioner's biological father for immigration purposes from the

2

moment of petitioner's birth.

The success of petitioner's argument will turn primarily on the significant legal question of whether petitioner acquired citizenship through adoption and whether Ted Anderson should be treated as petitioner's biological father from birth as a result. The Supreme Court's decision in <u>Flores-Villar</u> thus would become relevant only if this court first holds that it is possible for petitioner to acquire citizenship through his adoptive father in the same way as he would through a biological parent.

Petitioner has also presented other theories in this action that will not be impacted by <u>Flores-Villar</u>. Specifically, petitioner argues that he also acquired United States citizenship through his biological father, Harry Gitelman, at birth. (<u>See</u> Docket No. 15 (Pet'r's Pretrial Statement) at 4:17-20, 12:1-9.) The Supreme Court's pending decision will have no impact on this theory, since petitioner acknowledges that Gitelman meets the five-year continuous physical presence requirement. (<u>Id.</u> at 12:1-9.) The impact of <u>Flores-Villar</u> is therefore attenuated given that the issue under review by the Supreme Court may never become relevant in this matter due to the number of other legal theories at play.

This court is under a mandate from the Ninth Circuit to determine petitioner's citizenship pursuant to § 1252(b)(5). Over six months have passed since this matter was transferred to this court for that purpose. If the Ninth Circuit had wanted this court to wait for <u>Flores-Villar</u> to be decided by the Supreme Court before ruling, it could have said so. It would not be in

3

the interest of efficiency, fairness, or judicial economy to further delay the hearing on this matter in order to wait for a ruling on an issue that may not impact the court's analysis.

IT IS THEREFORE ORDERED that petitioner's request to hold this matter in abeyance be, and the same hereby is, DENIED.

DATED:  March 26, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE